IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BILLIE JOE WARRICK,          )
                             )
    Plaintiff,              )
                             )    No. 3:13-cv-00346
v.                           )
                             )    Judge Nixon
CAROLYN W. COLVIN,           )    Magistrate Judge Brown
Acting Commissioner of Social Security, )
                             )
    Defendant.              )

## ORDER

Pending before the Court is Plaintiff Billie Joe Warrick's Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 15.) On June 3, 2014, Magistrate Judge Brown issued a Report and Recommendation ("Report") recommending that Warrick's Motion be granted and the decision of the Social Security Administration be vacated. (Doc. No. 31 at 23.) On June 17, 2014, the Commissioner filed Objections to the Report (Doc. No. 32), to which Warrick did not respond. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report as modified below and **GRANTS** Warrick's Motion. The Clerk of the Court is **DIRECTED** to close the case.

I.    STANDARD OF REVIEW[1]

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act

---
[1] The Court adopts the Magistrate Judge's Procedural History and Review of the Record (Doc. No. 31 at 1–16) and discusses the facts of the case below only as necessary to facilitate review of Warrick's Motion and the Commissioner's Objections to the Magistrate Judge's Report.

1

provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

## II.  THE COMMISSIONER'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

Before the Magistrate Judge, Warrick argued the ALJ's residual functional capacity assessment ("RFC") was not supported by substantial evidence because the ALJ failed to give controlling weight to the medical opinion of Dr. Thomas Jaselskis, Warrick's treating physician.

Magistrate Judge Brown found the ALJ did not follow the treating source rule in assessing Dr. Jaselskis' opinion and the failure was not harmless error. (Doc. No. 31 at 18–23.) The Commissioner contends the Magistrate Judge erred because the ALJ gave good reasons to reject the opinion, but even if he did not, the failure was harmless error because Dr. Jaselskis' opinion was so patently deficient that it could not possibly be credited, and the ALJ's explanation met the goal of the good reasons requirement. (Doc. No. 32 at 1.)

Treating source[2] medical opinions are entitled to controlling weight if the following conditions are met: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2)); *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007). If the treating source's medical opinion is not entitled to controlling weight, the ALJ must determine the appropriate weight to accord the opinion upon consideration of the following factors: "the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

If the ALJ does not give a treating source's opinion controlling weight, she must give "good reasons" that are supported by the evidence in the record and sufficiently specific to permit "meaningful review of the ALJ's application of the rule." *Id.* (internal

---

[2] Under 20 C.F.R. §§ 404.1502 and 416.902, a "treating source" is defined as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." *Accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013), *reh'g denied* (May 2, 2013). The parties agree Dr. Jaselskis is a treating source. (*See* Doc. Nos. 32; 16 at 12–16.)

citations omitted). As explained by the Magistrate Judge, conclusory or vague reasoning will not do. "The ALJ must make 'some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick.'" (Doc. No. 31 at 19 (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).) Nor will inaccurate reasons—as noted above, the reasons must be supported by the record. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 652 (6th Cir. 2011). A failure to give good reasons "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record" and, unless the failure is harmless error, requires remand. *Friend*, 375 F. App'x at 551 (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).

The ALJ found Dr. Jaselskis' opinion failed both prongs of the controlling weight test and accorded it "little weight" because it was "unsupported by the record as a whole" and "by the Wilson County Health Department records in particular . . . [because] the claimant was seen [b]y multiple providers during these office visits and there is little, if any, objective evidence in these records to support such limited functional restrictions." (Tr. 31.)[3] The Magistrate Judge determined these sentences were too vague to satisfy the good reasons requirement. (Doc. No. 31 at 20.) The Commissioner contends this explanation, coupled with the ALJ's review of the health department records and other medical records allegedly showing minimal to no objective findings, is sufficient explanation to meet the good reasons requirement.

Upon review of the record, the Court agrees with the Commissioner that the ALJ's assessment of the health department records, read in combination with the proffered reason for rejecting Dr. Jaselskis' opinion, was sufficiently specific to explain why the opinion was not

---

[3] The administrative record is available electronically at Docket Number 13.

well-supported, and the ALJ did not err in finding the opinion was not due controlling weight. In his assessment of the health department records, the ALJ found Warrick was seen for "various minor illnesses and for medication refills," other than a 2010 seizure his "physical examinations appeared reasonably unremarkable," and "[s]uch minimal findings are inconsistent with his allegations of debilitating physical impairments." (Tr. 30.) Dr. Jaselskis opined Warrick was capable of sitting only four hours in a work day and two hours at a time, standing only sixty minutes in a work day and fifteen minutes at a time, and lifting twenty pounds occasionally and ten pounds frequently. (Tr. 504.) However, the health department records are sparse and, as explained by the ALJ, show Warrick visited primarily for medication refills and minor illnesses. (Tr. 417–29, 508–44, 672–78.) The records do not contain "objective evidence . . . to support such limited functional restrictions" as those imposed by Dr. Jaselskis. (Tr. 31.) This reason for failing to accord Dr. Jaselskis' opinion controlling weight was sufficiently specific to allow this Court to review it, and it is supported by the record.

Because the ALJ did not accord Dr. Jaselskis' treating source opinion controlling weight, he was required to assess the opinion according to the factors listed above and give good reasons for the weight ultimately assigned it because "[b]alancing the *Wilson* factors is required to satisfy the second prong of the treating physician rule." *Cole v. Astrue*, 661 F.3d 931, 938 (6th Cir. 2011). "Even if the treating physician's opinion is not given controlling weight, 'there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference.'" *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Rogers*, 486 F.3d at 242). The only other factor addressed by the ALJ was the consistency of Dr. Jaselskis' opinion with the record as a whole—the ALJ found it was not. (Tr. 31.) The Court finds the ALJ's explanation in this regard was insufficient to meet the good reasons requirement.

Dr. Jaselskis' Medical Source Statement indicated Warrick can lift twenty pounds occasionally and ten pounds frequently, sit for a maximum of four hours per day and two hours at a time, stand for a maximum of sixty minutes in a workday and fifteen minutes at a time, and should not work around dangerous equipment or drive. (Tr. 504.) The ALJ determined Warrick was capable of light work—he could lift twenty pounds occasionally and ten pounds frequently—except

> he would require the ability to alternate between sitting and standing at 1-hour intervals . . . should not work around moving machinery or unprotected heights and should not climb, balance, or drive . . . avoid concentrated exposure to loud noises . . . [and] could perform simple, 1-2 step routine and repetitive work with things rather than people and have occasional contact with the public.

(Tr. 28 (citing 20 C.F.R. § 404.1567(b).) The ALJ's assessment differs substantially because it does not account for Warrick's overall sitting and standing limitations, and according to the testimony of the Vocational Expert, Warrick would be incapable of any work in the national economy under Dr. Jaselskis' assessment. (Tr. 63–64.)

The ALJ's Decision does not explain how he reached this RFC assessment. Aside from the health department records, the ALJ also described the findings of a consultative physician, Dr. Roy Johnson. (Tr. 29, 31.) Although Dr. Johnson found Warrick was capable of occasionally lifting thirty to forty pounds with "no seated or standing restrictions" (Tr. 455), the ALJ ultimately rejected Dr. Johnson's findings because "the claimant's hypertension, carotid artery disease, and obesity could cause him to be more limited than opined by Dr. Johnson" (Tr. 31). The ALJ also addressed the opinion of non-examining physician Dr. Chanika Chaudhuri, who found Warrick had no exertional limitations (Tr. 490), and found Dr. Chaudhuri's opinion "unsupported by the record" because "the physician did not personally examine the claimant [or] have the benefit of the full record as it is before me" (Tr. 31).

6

The other record evidence is not inconsistent with Dr. Jaselskis' opinion. For instance, Warrick testified that as a result of a carotid artery endarterectomy, he was frequently weak, took multiple naps every day, and could sit for about for about four hours a day. (Tr. 50–52.) The ALJ explained that Warrick's daily activities such as "vacuuming, playing with his pets, and watching television" support the ALJ's RFC assessment (Tr. 32), but these activities are not inconsistent with Warrick's other testimony or Dr. Jaselskis' findings. Furthermore, the ALJ addressed Warrick's emergency room records as part of his discussion of Warrick's severe impairments and determined Warrick's atypical chest pain was a non-severe impairment. (Tr. 27.) However, the ALJ did not address the emergency room records relating to Warrick's right carotid endarterectomy, which appear to support Dr. Jaselskis' medical source statement: they show Warrick had surgery on October 31, 2008 (Tr. 376), reported to the emergency room in December 2008 with weakness and paresthesias possibly related to his surgery (Tr. 405), and a January 2009 CTA scan of Warrick's head showed interval infarction and redemonstration of atherosclerotic changes (Tr. 409).

The ALJ appears to have reviewed the medical opinions, rejected all of them, then set a RFC somewhere between Dr. Jaselskis' and that of the consulting and non-examining physicians without explaining what support he found for this middle ground in the record. The ALJ's explanation was insufficient to satisfy the good reasons requirement.

A failure to satisfy the good reasons requirement is grounds for remand unless the failure was harmless error. Such a failure may be harmless where (1) "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it," (2) "the Commissioner adopt[ed] the opinion of the treating source or ma[de] findings consistent with the opinion," or (3) "the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural

safeguard of reasons—even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547. As explained above, the ALJ did not make findings consistent with Dr. Jaselskis' medical source statement. Dr. Jaselskis' opinion was not so patently deficient that it could not be credited, given it was based on a years-long treatment history and review of Warrick's medical records. Finally, the Decision did not provide the procedural safeguard of reasons because the Court has been unable to decipher why the ALJ adopted an RFC inconsistent with Dr. Jaselskis'. The ALJ's failure to follow the good reasons requirement is not harmless error and is grounds for remand.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report (Doc. No. 31), **GRANTS** Warrick's Motion (Doc. No. 15), **VACATES** the administrative Decision, and **REMANDS** this case to the Commissioner for further proceedings. The Clerk of the Court is **DIRECTED** to close this case.

It is so ORDERED.

Entered this the _9th_____ day of September, 2015.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT